IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

    Plaintiff,

vs.                                                                       Civ. No. 17-518 KG/KRS

GEO GROUP, INC., et al

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Amended Tort Complaint, filed July 3, 2017. (Doc. 7). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will dismiss the Complaint without prejudice and grant leave to amend.

I. Background[1]

In this case, Plaintiff argues 24 medical officials committed malpractice and violated his constitutional rights. (Doc. 7) at 18. His medical issues started in 2006, when he was incarcerated at the Los Lunas Correctional Facility (LLCF). *Id.* at 2. Plaintiff experienced rectal bleeding on seven occasions. *Id.* A physician's assistant (PA) performed blood work and misdiagnosed Plaintiff with cancer. *Id.* at 2-3. The next day, he was transferred to the Penitentiary of New Mexico (PNM). *Id.* at 3.

Plaintiff continued to experience bleeding after he arrived at PNM. (Doc. 7) at 3, 5. Prison physician Andrade prescribed suppositories, which made his condition worse. *Id.* at 5. In

---

[1] For the limited purpose of this ruling, the Court assumes the allegations in Plaintiff's Complaint are true.

2008, Plaintiff was scheduled to undergo a colonoscopy at Presbyterian Hospital. *Id.* at 7. Presbyterian physician Rafiq instead performed an esophageal gastroduodenoscopy (EGD), a procedure used to detect damage from heartburn. *Id.* at 7, 9. Plaintiff regained consciousness during the procedure and clutched the scope, which ruptured his esophagus. *Id.* at 7. Immediately after the EGD, Dr. Rafiq performed the colonoscopy. *Id.* at 8.

Plaintiff was not admitted to Presbyterian Hospital after the esophageal rupture. (Doc. 7) at 8. He was transported back to LLCF by car, a trip that took 10 hours. *Id.* Plaintiff described the medical mistake to prison physician Andrade, who was "very passive about the news." *Id.* at 10. Shortly thereafter, the esophageal rupture caused Plaintiff's throat to swell. *Id.* Prison doctors performed an ultrasound, and he was admitted to Presbyterian Hospital for treatment. *Id.* He now suffers from dysphagia, goiter, chronic coughing, eating disorder, frequent regurgitation, and breathing difficulties. *Id.*

Plaintiff also continues to experience rectal bleeding and esophageal issues. (Doc. 7) at 11. Prison PA Harmon applied heat to treat the bleeding, but it caused burning. *Id.* She also recommended that he use feminine hygiene products to stop the bleeding. *Id.* When Plaintiff requested medical attention for his throat, the nurses, including prison nurse Bradshaw, documented his request as relating to "high blood pressure issues." *Id.* At one point prison physician Birnbaum told Plaintiff to stop "whining" about his throat. *Id.* at 12.

Plaintiff filed an informal grievance in 2016. (Doc. 7) at 12. Prison nurse Bradshaw handled the grievance, even though she had "collaborated" against Plaintiff in the past. *Id.* Bradshaw determined "no resolution of Plaintiff's informal complaint was necessary." *Id.* at 13. The grievance process did not conform to the "CD-Policy" issued by the New Mexico Department of Corrections. *Id.* at 14.

Plaintiff filed the Amended Tort Complaint (Complaint) on July 3, 2017. The Complaint names 24 individuals and eight corporate defendants. (Doc. 7) at 18, 21. The individuals appear to include supervisory prison officials, prison employees, and every nurse, PA, or physician who saw Plaintiff between 2006 and 2017.[2] *Id.* at 18. The entity defendants include the New Mexico Department of Corrections; GEO Group, Inc.; LLCF; PNM; CMS; Corizon Medical; Centurion Medical; and Presbyterian Hospital. *Id.* at 21.

The Complaint is styled as an action for medical malpractice. The body of the Complaint also asserts claims for: violation of the Eighth Amendment; deliberate indifference to medical needs; conspiracy; fraud; intentional infliction of emotional distress; and violations of the Prison Litigation Reform Act (PLRA). Plaintiff filed a supplemental pleading on August 28, 2017, which clarifies the Complaint was intended as a "tort complaint against the State of New Mexico." (Doc. 9) at 1. Notwithstanding his constitutional claims, Plaintiff asserts he "never filed a 42 U.S.C. § 1983 lawsuit." *Id.* Hence, the Court must address jurisdiction as part of its screening function.

## II. Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and

---

[2] The prison supervisors include: R.C. Smith, Warden; Foster, Assistant Warden; V. Neagele, Contract Monitor; and J. Flint, Chief of Security. The prison employees include: CO Hernandez; Sergeant Perry; CO Maldonado; CO Montenegro; M Valeriano, and CO John Doe. The medical personnel include: Two John Doe physician assistants; a Jane Doe nurse; Dr. Andrade; Dr. Rafiq; Sarah Langwell, PA; PA Harmon; Dr. Birnbaum; Nurse Bradshaw; Nurse Houston; HSA M. Ortega; Nurse McCann; LFN Martin; and Nurse Martin. (Doc. 7) at 18.

allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

III. Discussion

    *A.     Federal Jurisdiction*

"[F]ederal courts are courts of limited jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citations omitted). Subject-matter jurisdiction exists where: (1) the parties' citizenship is diverse and the amount in controversy exceeds $75,000; or (2) the face of the complaint raises a federal question. *See* 28 U.S.C. §§ 1331, 1332; *Karnes v. Boeing Co.,* 335

F.3d 1189, 1192 (10th Cir. 2003). The Complaint implicates two federal issues:[3] the PLRA, 42 U.S.C. § 1997, and federal constitutional claims. The PLRA is not sufficient to establish jurisdiction, as there is no private right of action under that statute. *See generally* 42 U.S.C. § 1997, et seq. The constitutional claims, analyzed under Section 1983, provide the only basis for federal jurisdiction in this case. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the only "remedial vehicle for raising claims based on the violation of [federal] constitutional rights"). Therefore, the Court will liberally construe the Complaint to allege a valid basis for federal jurisdiction under Section 1983, and proceed with initial review. If Plaintiff wishes to waive any federal constitutional claims, he may simply decline to file an amended complaint, as ordered below, and refile his tort complaint in state court.

      *B.*      *Screening the Complaint*

The primary focus of the Complaint is that Defendants committed medical malpractice and were deliberately indifferent to Plaintiff's medical needs between 2006 and 2017. The Court finds the Complaint does not survive initial review, for several reasons.

First, the Complaint does not comply with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the grounds for relief. Instead of describing discrete instances of wrongdoing, the handwritten submission "brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte Cnty.*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished). *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (affirming dismissal of complaint that "included everything but the

---

[3] Diversity is not an issue because Plaintiff is not "of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Intern. Petroleum Corp*., 897 F.2d 461, 463 (10th Cir. 1990) (citing 28 U.S.C. § 1332).

kitchen sink"). Allowing such Complaint to survive screening would "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3. *See also Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (holding complaint violates Rule 8 if it "lacks clarity about what each defendant allegedly did to incur liability").

To the extent some claims are discernable, the Complaint also fails to state a claim under 42 U.S.C. § 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The New Mexico Department of Corrections, LLCF, and PNM do not qualify under that test. *See Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished) ("New Mexico Department of Corrections is not a person subject to suit under § 1983"); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) (unpublished) ("State-operated detention facilities …. are not 'persons' … under § 1983").

Private entities acting under color of state law can qualify as a "person" under Section 1983. However, they cannot be held liable solely because they employ or oversee a tortfeasor. *Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, the plaintiff must show: "1) the existence of a...policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Id.* The same is true with respect to prison supervisors. *See Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (to face liability, prison supervisors must "promulgat[e] … a policy that caused a deprivation of plaintiff's rights"). Plaintiff has not alleged facts showing any prison supervisor (R.C. Smith, Foster, V. Neagele, and J. Flint) or private entity (GEO Group, Inc.; CMS; Corizon Medical; Centurion

6

Medical; and Presbyterian Hospital) acted pursuant to an official policy or custom.

With respect to the remaining Defendants, there is no indication they were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. To demonstrate deliberate indifference, a medical need must be objectively serious. It must have "been diagnosed by a physician as mandating treatment or … so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). A complaint must also satisfy the subjective component of the test by alleging the defendants "kn[e]w of and disregarded an excessive risk to health or safety." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Most of Plaintiff's allegations relate to medical negligence, which is not actionable under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Further, the Complaint lacks concrete information regarding each Defendant's subjective intent. The only potentially relevant allegations relate to the fact that Andrade, Birnbaum, Bradshaw, and Harmon dismissed or mis-charted Plaintiff's lingering throat pain. These facts, without more, do not show the Defendants consciously disregarded an excessive risk of harm.

For the foregoing reasons, the Court will dismiss the Complaint without prejudice because it fails to state a cognizable constitutional claim. Plaintiff may file an amended complaint within 30 days of entry of this order. The Court will defer ruling on the sufficiency of Plaintiff's state law claims until after determining whether any federal constitutional claims survive initial review.

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable federal claim, the Court will dismiss the case without further notice.

IT IS ORDERED that

1.	Plaintiff's Amended Complaint (Doc. 7) is dismissed without prejudice.

2.	If Plaintiff wishes to proceed in Federal Court, he may file an amended complaint within 30 days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE