IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

    Plaintiff,

vs.                                                                                                          Civ. No. 17-518 KG/KRS

GEO GROUP, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Amended Tort Complaint, filed July 3, 2017. (Doc. 7). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will dismiss this case without prejudice.

The Complaint alleges various prison officials committed malpractice and violated his constitutional rights. (Doc. 7) at 18. According to Plaintiff, medical officials ruptured his esophagus during an unscheduled esophageal gastroduodenoscopy (EGD). *Id.* at 7, 9. He further alleges prison officials ignored his rectal bleeding and esophageal issues between 2006 and 2016. *Id.* at 2-13. Plaintiff sought damages against various entities, supervisors, prison employees, and every nurse, PA, or physician who saw Plaintiff between 2006 and 2017.[1] The Complaint raises state law claims for medical malpractice and federal constitutional claims for deliberate

---

[1] The full list of Defendants includes: the New Mexico Department of Corrections; GEO Group, Inc.; LLCF; PNM; CMS; Corizon Medical; Centurion Medical; and Presbyterian Hospital; R.C. Smith, Warden; Foster, Assistant Warden; V. Neagele, Contract Monitor; and J. Flint, Chief of Security; CO Hernandez; Sergeant Perry; CO Maldenado; CO Montenegro; M Valeriano, and CO John Doe; Two John Doe physician assistants; a Jane Doe nurse; Dr. Andrade; Dr. Rafiq; Sarah Langwell, PA; PA Harmon; Dr. Birnbaum; Nurse Bradshaw; Nurse Houston; HSA M. Ortega; Nurse McCann; LFN Martin; and Nurse Martin. (Doc. 7) at 18-21.

indifference to medical needs.  However, Plaintiff filed a supplemental pleading stating he "never filed a 42 U.S.C. § 1983 lawsuit."  (Doc. 9) at 1.

By a Memorandum Opinion and Order entered May 11, 2018, the Court explained that Plaintiff's constitutional claims, analyzed under Section 1983, provide the only basis for federal jurisdiction in this case.  (Doc. 16) at 5.  *See also Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the only "remedial vehicle for raising claims based on the violation of [federal] constitutional rights").  The Court therefore liberally construed the Complaint to allege a basis for federal jurisdiction; dismissed the constitutional claims for failure to state a cognizable claim; and granted leave to amend.  *Id.* at 5-7.  Plaintiff was advised that if he wished to waive any federal constitutional claims and instead proceed in state court, he may decline to file an amended complaint.  *Id.* at 5.

Plaintiff did not file an amended complaint or otherwise respond to the Memorandum Opinion and Order.  Hence, this action will be dismissed without prejudice for lack of jurisdiction.  *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) (noting "dismissals for lack of jurisdiction should be without prejudice …").

IT IS ORDERED:

1. This action is dismissed without prejudice for lack of jurisdiction
2. The Court will enter a separate judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

2